UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CHRISTOPHER CARPEZZI,

      Plaintiff,

v.                                                                Case No:  2:20-cv-5-JLB-MRM

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER

Plaintiff Robert Carpezzi, proceeding pro se, sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).  (Doc. 57.)  Specifically, Mr. Carpezzi alleges that the United States Postal Service ("USPS") is stealing or refusing to deliver his mail for political reasons.  (Id. at 6–9.)  The United States moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that it has not waived its sovereign immunity as to such claims and the Court thus lacks jurisdiction.  (Doc. 60 at 1.)  The Court agrees that the FTCA does not waive the United States' sovereign immunity for the harms Mr. Carpezzi is alleging. Accordingly, the Court is without jurisdiction, the United States' motion (Doc. 60) is **GRANTED**, and the Complaint (Doc. 57) is **DISMISSED**.

### BACKGROUND[1]

Mr. Carpezzi claims that the USPS has been tampering with his mail for years because of his attempts to "remedy" a situation wherein the "intelligence

---

[1] As noted, Mr. Carpezzi is proceeding pro se.  "A document filed pro se is to

community" impersonated Mr. Carpezzi's America Online email account.   (Doc. 57

at 1–2.)   On February 26, 2018, Mr. Carpezzi visited the Estero, Florida USPS

office and sent a registered letter to Mike Mulvaney in Washington, D.C., at the zip

code 20503.   (Id. at 6.)   Although the USPS delivered the letter on March 9, 2018,

Mr. Carpezzi did not receive a return receipt indicating where exactly the letter was

delivered and who signed for it.   (Id.)   After contacting the Estero Postmaster, Mr.

Carpezzi discovered that the letter was delivered to zip code 20008, not 20503.

(Id. at 7.)   "Mateo Naldo, representative from government mail," had signed for the

letter intended for Mr. Mulvaney and the tracking information showed that it was

delivered to "The Obama Family 20008."   (Id.)

    Mr. Carpezzi believed that the USPS was refusing to deliver mail to then-

President Donald Trump's appointees.   (Id.)   On December 10, 2018, Mr. Carpezzi

sent a registered letter from the North Fort Myers USPS post office to a USPS Torts

Claim Coordinator.   (Id. at 8.)   That letter informed "USPS attorneys[] that former

President Donald J Trump[']s administration needs to know that mail to his

---

be liberally construed . . .   and a pro se complaint, however inartfully pleaded, must
be held to less stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,
106 (1976)) (internal quotation marks omitted).   Even so, the Supreme Court has
"never suggested that procedural rules in ordinary civil litigation should be
interpreted so as to excuse mistakes by those who proceed without counsel."
McNeil v. United States, 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835,
837 (11th Cir. 1989) (pro se litigants are "subject to the relevant law and rules of
court, including the Federal Rules of Civil Procedure").   Thus, while the Court
must liberally construe Mr. Carpezzi's filing, it cannot act as his de facto counsel by
rewriting the Third Amended Complaint.   GJR Invs., Inc. v. Cnty. of Escambia, 132
F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal,
566 U.S. 662 (2009).

appointees are going missing aided and abetted by the USPS." (Id. at 8–9.) But that letter was never delivered, instead it "no longer existed." (Id. at 8.)

On these facts, Mr. Carpezzi alleges "tortious" violations of his "common law and constitutional" rights "to privacy in his personal papers and correspondence." (Doc. 57 at 10.) He also seeks "compensatory damages . . . [and] an injunction prohibiting Defendant from tampering with Mr. Carpezzi's correspondence." (Id.)

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure12(b)(1) may be either a facial or factual challenge to a complaint. McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). The United States is bringing a facial challenge (See Doc. 60 at 2) which means Mr. Carpezzi retains the "safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." McElmurray, 501 F.3d at 1251 (quotation omitted). "A 'facial attack' on the complaint require[s] the [C]ourt merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Id. (quotation omitted).

## DISCUSSION

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." Zelaya v. United States, 781 F.3d 1315, 1321 (11th Cir. 2015). "The FTCA operates as a limited waiver of the United States' sovereign immunity. Unless the United States may be held liable pursuant

to the terms of the statute, the sovereign's immunity remains intact, and no subject matter jurisdiction exists."   Bennett v. United States, 102 F.3d 486, 488 n.1 (11th Cir. 1996) (citations omitted).

Under the "postal matter exception," the FTCA specifically preserves the United States' sovereign immunity as to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."   28 U.S.C. § 2680(b).   "As a consequence, the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception."   Dolan v. U.S. Postal Serv., 546 U.S. 481, 485 (2006).   As the Supreme Court has explained, this exception encompasses "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."   Id. at 489.

Here, Mr. Carpezzi alleges that "Mateo Naldo, representative from government mail," changed the delivery address of his registered letter intended for Mr. Mulvaney.   (Doc. 57 at 7.)   Mr. Carpezzi also alleges that Mr. Naldo "signed for" this letter.   (Id.)   But even assuming that Mr. Naldo either stole the letter or intentionally failed to deliver it, the postal matter exception still applies. See Lopez v. U.S. Postal Regul. Comm'n, No. 18-22321-CV-MORENO, 2019 WL 11553449, at *2–3 (S.D. Fla. Sept. 23, 2019) (noting that "the interpretation adopted by nearly all district courts addressing this issue is that the postal matter exception applies to the intentional acts of postal employees" and collecting cases), adopted 2019 WL 11553447 (M.D. Fla. Nov. 21, 2019); see also James v. Jacksonville Bulk

Mail Ctr., No. 3:06-cv-1120-J-34-JRK, 2009 WL 2901197, at *5 (M.D. Fla. Sept. 4, 2009) ("The 'loss' of postal matter even includes situations in which postal matter is stolen by a federal employee." (citing Levasseur v. U.S. Postal Serv., 543 F.3d 23, 24 (1st Cir. 2008))).   Thus, Mr. Carpezzi's argument that the FTCA is inapplicable because his letters were "intentionally . . . redirected" is unpersuasive.   (Doc. 61 at 3.)

Otherwise, Mr. Carpezzi references one letter that "was sitting in a vault against policy rules [but] was eventually delivered," and another letter that "no longer existed."   (Doc. 57 at 8.)   Regardless of the reason for these letters not reaching their intended destination, or how many times the USPS has "disappeared" Mr. Carpezzi's letters (Doc. 61 at 5), the United States retains its sovereign immunity for "injuries arising . . . because mail either fails to arrive at all or arrives late."   Dolan, 546 U.S. at 489.   The above cases show that this is true even when mail fails to arrive because of a USPS employee's intentional acts.   Mr. Carpezzi argues that the United States "acts as if they have enough stature to do as they please with impunity."   (Doc. 61 at 3.)   "But in offering its consent to be sued, the United States has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose." Zelaya, 781 F.3d at 1321–22.   And those terms "define [the Court's] jurisdiction to entertain [this] suit."   United States v. Sherwood, 312 U.S. 584, 586 (1941).

For these reasons, the Court finds that the FTCA does not waive the United States' immunity as to the injuries Mr. Carpezzi has alleged.   And "[i]f there is no

specific waiver of sovereign immunity as to a particular claim filed against the Government," even accepting Mr. Carpezzi's allegations as true, "the [C]ourt lacks subject matter jurisdiction over the suit."   Zelaya, 781 F.3d at 1322.[2]   "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."   Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008).   Last, any amendment here would be futile given that the United States has not waived its immunity as to the harms Mr. Carpezzi alleges and an amended pleading would thus still be subject to dismissal. See Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015).

Accordingly, the United States' motion to dismiss (Doc. 60) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.   The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** at Fort Myers, Florida, on October 26, 2021.

_____

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Carpezzi argues that the Court should find jurisdiction present and address the merits of his pleading.   (Doc. 61 at 1–2.)   But as he notes, (id.), the Court "should only rely on Rule 12(b)(1) [i]f the fact necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action."   Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003) (quotation omitted) (emphasis in original). The merits of Mr. Carpezzi's allegations are irrelevant as the postal matter exception to the FTCA preserves the United States' immunity in this dispute, even accepting his allegations as true.